NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50577 |
| Plaintiff - Appellee, | D.C. No. 8:05-cr-00290-JVS-3 |
| v. | |
| ANDRES ZARATE-MORALES, AKA Seal C, AKA Acapulco, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50221 |
| Plaintiff - Appellee, | D.C. No. 8:05-cr-00290-JVS-6 |
| v. | |
| AUGUSTIN OSUNA-RUELAS, AKA Seal F, AKA Tin, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted January 15, 2010
Pasadena, California

Before: GOODWIN, SCHROEDER, and FISHER, Circuit Judges.

Defendants Andres Zarate-Morales and Augustino Osuna-Ruelas (collectively "Defendants") appeal from their convictions for conspiracy to transport and harbor illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(i). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

At trial, the Government called ICE Special Agent Gregory Barr to testify as an expert witness. Agent Barr's qualifications include twenty-one years with ICE (formerly INS) as a special agent and three years with the U.S. Border Patrol as a special agent. He testified that his opinions were based on his experiences, as well as information obtained from two confidential informants. The confidential informants provided information regarding one of the leaders of the smuggling organization, but the information "had nothing to do with either of the [D]efendants." Agent Barr further testified that he was able to separate the knowledge he acquired from the confidential informants from his other knowledge, and his testimony and opinions would not change if he disregarded the information from the confidential informants. Agent Barr refused to disclose the identities of the confidential informants out of fear for their safety, and the district court did not

order disclosure. However, the district court did allow defense counsel to cross-examine Agent Barr about the confidential informants and elicit that one confidential informant had a felony alien smuggling conviction, the other had a misdemeanor battery conviction, and that both confidential informants provided information in order to benefit themselves regarding their own possible prosecutions.

Defendants first argue that the district court violated their Confrontation Clause rights and abused its discretion under Federal Rule of Evidence 705 by allowing Agent Barr to testify based on confidential informant information without ordering disclosure of the confidential informants' identities. Such errors are reviewed under the harmless error standard. *See United States v. Larson*, 495 F.3d 1094, 1107 (9th Cir. 2007). Assuming, *arguendo*, that an error occurred, it was harmless because Agent Barr testified that his testimony would not change even if he disregarded the information from the confidential informants.

Defendants next argue that the district court abused its discretion by allowing Agent Barr's expert testimony because he repeated hearsay without applying any expertise. An expert may be used to testify to matters outside the expected knowledge of the average juror. Fed. R. Evid. 702; *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000). Expert witnesses may rely on

inadmissible hearsay in forming their opinions, so long as it is of a type reasonably relied upon by experts in their field. Fed. R. Evid. 703; *Hankey*, 203 F.3d at 1169. For example, law enforcement agents testifying as experts may rely on inadmissible hearsay in describing the structure and operations of a criminal organization. *Id.*

Here, Agent Barr testified that scouts often observe remote areas for law enforcement activity before a crossing, family members in the United States typically pay the smuggling fee after the alien arrives, Western Union is often used for payment, and exchanges usually happen in large and busy parking lots. He further testified as to the amount of a typical fee and why smugglers prefer smaller airports. Thus, Agent Barr used his knowledge as a law enforcement official to explain matters outside the expected knowledge of the average juror, and his testimony was properly admitted.

Finally, Defendants argue that the district court violated their due process rights by not ordering disclosure of the confidential informants' identities or, at a minimum, holding an *in camera* hearing on the issue. The burden of proving a need for disclosure is on the defendant, and it is not satisfied if the defendant raises a mere suspicion that the identities might be helpful. *United States v. Kim*, 577 F.2d 473, 478–79 (9th Cir. 1978).

4

Here, Defendants raise no more than a speculative argument that the confidential informants could know that Defendants were not members of the conspiracy. Moreover, even this speculative argument was not raised to the district court. Therefore, the district court did not err by declining to hold an *in camera* hearing or ordering disclosure of the confidential informants' identities.

**AFFIRMED.**